UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| FABIAN WHITE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-02665-JRS-TAB |
| | ) | |
| DUSHAN ZATECKY, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS**

Fabian White, an inmate of the Indiana Department of Correction, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2005 convictions for murder, attempted murder, and escape in St. Joseph County Superior Court. His petition raises seven claims for ineffective assistance of trial counsel. The respondent has filed a motion to dismiss, arguing that Mr. White procedurally defaulted his federal claims when the Indiana Court of Appeals dismissed his post-conviction appeal on procedural grounds. For the reasons explained below, the motion to dismiss is **GRANTED**, and the petition is **DISMISSED WITH PREJUDICE**.

**I.
LEGAL STANDARD**

"A federal habeas court will not review a claim rejected by a state court if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Walker v. Martin*, 562 U.S. 307, 315 (2011) (citation and internal quotation marks omitted). This doctrine is premised on the rule that federal courts have "no power to review a state law determination that is sufficient to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). The state law ground precluding review by a federal

habeas court "may be a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits." *Walker*, 562 U.S. at 315.

"In assessing the adequacy of a state procedural ruling, federal courts do not review the merits of the state court's application of its own procedural rules. Instead, we ask whether the rule invoked was firmly established and regularly followed." *Crockett v. Butler*, 807 F.3d 160, 167 (7th Cir. 2015) (citations and quotations marks omitted). In sum, "[i]f a state court clearly and expressly states that its judgment rests on a state procedural bar and does not reach the merits of a federal claim, then [a federal court is] unable to consider that claim on collateral review." *Gray v. Hardy*, 598 F.3d 324, 329 (7th Cir. 2010).

## II.
## BACKGROUND

Mr. White was convicted of murder, attempted murder, and escape in St. Joseph County Superior Court on July 8, 2005. Dkt. 6-1, p. 3. He received an aggregate sentence of 115 years. *Id.* On June 26, 2006, the Indiana Court of Appeals denied his direct appeal, which challenged the trial court's refusal to provide a jury instruction on a lesser included offense, the imposition of a consecutive sentence exceeding the advisory term, and the appropriateness of his sentence in light of his character and the nature of his offense. Dkt. 6-3. The Indiana Supreme Court denied his petition to transfer on these issues on October 26, 2006. Dkt. 6-2, p. 5.

Mr. White filed a petition for post-conviction relief in St. Joseph County Superior Court on September 28, 2007. Dkt. 6-5, p. 2. He raised several claims alleging ineffective assistance of trial counsel in violation of the Sixth Amendment. *Id.* at 4-11. The post-conviction court denied his petition on December 19, 2018. *Id.* at 11.

Mr. White filed a Notice of Appeal in the post-conviction court on January 11, 2019. Dkt. 6-6, p. 2. On April 23, 2019, the Indiana Court of Appeals denied his motion for leave to file

an oversized brief. Dkt. 6-6, p. 3. On July 29, 2019, Mr. White filed a handwritten Brief of Appellant that was 114 pages long, excluding the cover sheet, table of contents, and other preliminary sections. Dkt. 6-7. The brief contains a word count certificate verifying that it contains 14,000 words. *Id.* at 125. The certificate indicates that Mr. White verified this word count using a tool on Microsoft Word. *Id.*

On August 19, 2019, the Indiana Court of Appeals issued an order that, among other things, ordered Mr. White to file an amended brief that "fully complies with Appellate Rules 44 and 46. Specifically, Appellant's Brief shall not exceed 14,000 words" Dkt. 6-8, para. 4. On October 21, 2019, the State filed a motion to dismiss the appeal for Mr. White's failure to correct these defects. *Id.* On November 15, 2019, the Indiana Court of Appeals granted the State's motion and dismissed the appeal with prejudice. Dkt. 6-9.

On November 26, 2019, the Indiana Court of Appeals reinstated Mr. White's appeal and "directed [him] to file an Amended Appellant's Brief which does not exceed 14,000 words" within 30 days. Dkt. 6-10. On December 11, 2019, the Indiana Court of Appeals issued a Notice of Defect, which noted that Mr. White's corrected brief was incorrectly paginated and lacked a final appealable order. *Id.* On February 5, 2020, the Indiana Court of Appeals issued a second Notice of Defect, which noted that Mr. White's second corrected brief lacked a separate table of contents for the Appendix, that Appendix Volumes II-V were incorrectly paginated, and that Appendix Volumes II-V should be combined into a single volume not exceeding 250 pages. *Id.* at 11.

On February 12, 2020, the State filed a second motion to dismiss the appeal, arguing that Mr. White's repeated violations of the Indiana Rules of Appellate Procedure, his failure to timely correct these deficiencies, and his failure to file a Brief of Appellant conforming to the appellate rules despite numerous opportunities to do so, warranted dismissal. Dkt. 6-11. On March 13, 2020,

the Indiana Court of Appeals granted the State's motion and dismissed Mr. White's appeal with prejudice. Dkt. 6-12. Mr. White's petition for rehearing and petition to transfer, which challenged this dismissal, were denied. Dkt. 6-6, pp. 14, 16; dkt. 6-13; dkt. 6-14.

On October 13, 2020, Mr. White filed this habeas petition. Dkt. 1. His petition presents the same ineffective assistance of trial counsel claims that he raised in the Indiana Court of Appeals. *Id.* On November 30, 2020, the respondent filed a motion to dismiss the petition for procedural default because Mr. White did not present his claims through a complete round of state court review. Dkt. 6. In response, Mr. White argues that his appeal was improperly dismissed because "[n]o official count was noted by the State nor the Indiana Court of Appeals." Dkt. 7, p. 6.

## III.
## DISCUSSION

The Indiana Rules of Appellate Procedure set forth numerous requirements for the form, content, and presentation of appellate briefs and accompanying materials. Rule 44(E) provides that the Brief of Appellant may not exceed 14,000 words. Rule 46(A)(12) provides that "[a]ny appealed judgment or order (including any written opinion, memorandum of decision or findings of fact and conclusions thereon relating to the issues raised on appeal) shall be submitted with the brief as a separate attachment." Rule 51(C) provides that "[e]ach Appendix volume shall be independently and consecutively numbered at the bottom without obscuring the page numbers existing on the original documents. Each volume shall begin with numeral one on its front page." Rule 51(D) provides that "each Appendix volume must be limited in size to the lesser of two hundred fifty (250) pages or fifty megabytes (50 MB)." Rule 51(F) provides that "an Appendix shall contain a single table of contents for the entire Appendix, which shall be submitted as Appendix Volume 1, regardless of the number of volumes."

Indiana courts have repeatedly held that an appellant's failure to follow the appellate rules concerning the length, form, and presentation of appellate briefs and accompanying documents may lead to the dismissal of the appeal. *See Sartain v. Blunk*, 453 N.E.2d 324, 325-26 (Ind. 1983); *Gentry v. State*, 586 N.E.2d 860, 861 (Ind. Ct. App. 1992); *Ramsey v. Review Bd. of Indiana Dept. of Workforce Development*, 789 N.E.2d 486, 490 (Ind. Ct. App. 2003); *Massey v. Beard*, 989 N.E.2d 840 (Ind. Ct. App. 2013) (unpublished).

The Indiana Court of Appeals found that Mr. White repeatedly violated the appellate rules referenced above. The court provided Mr. White with multiple opportunities to correct these deficiencies over the course of almost one year. At one point, the court even reinstated the appeal, which had already been dismissed with prejudice, to give Mr. White more time to comply with these rules and be heard on the merits of his claims. Nevertheless, the court found that Mr. White failed time and again to satisfy these procedural requirements and that his appeal ultimately should be dismissed.

The Indiana Court of Appeals rejected Mr. White's appeal based on independent and adequate state law grounds. This Court may not review the state court's application of its own well-established and regularly applied procedural rules. Accordingly, the respondent's motion to dismiss is **GRANTED**, and the petition is **DISMISSED WITH PREJUDICE**.

## IV.
## CERTIFICATE OF APPEALABILITY

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, the petitioner must first obtain a certificate of appealability, which will issue only if the petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(1), (c)(2). Where a petition is denied on procedural grounds (such as failure to exhaust),

the petitioner must also show that reasonable jurists could disagree with that procedural ruling. *Peterson v. Douma*, 751 F.3d 524, 530−31 (7th Cir. 2014).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

No reasonable jurist could conclude that this Court has the authority to review Mr. White's claims, which were denied on independent and adequate state law grounds. Accordingly, a certificate of appealability is **DENIED**.

## V. CONCLUSION

The respondent's motion to dismiss, dkt. [6], is **GRANTED**, and Mr. White's petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**. A certificate of appealability shall not issue. Final judgment in accordance with this Order shall now issue.

**IT IS SO ORDERED**.

Date:  3/29/2021

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

FABIAN WHITE
109152
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Jesse R. Drum
INDIANA ATTORNEY GENERAL
jesse.drum@atg.in.gov